[Cite as *State v. Thompson*, 2017-Ohio-4330.]

COURT OF APPEALS
GUERNSEY COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | Hon. Scott W. Gwin, P.J. |
| Plaintiff-Appellee | : | Hon. John W. Wise, J. |
| | : | Hon. Earle E. Wise, Jr., J. |
| -vs- | : | |
| | : | |
| MATTHEW W. THOMPSON | : | Case No. 16-CA-16 |
| | : | |
| Defendant-Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:           Appeal from the Court of Common
                                                          Pleas, Case No. 16-CR-95

JUDGMENT:                                      Affirmed

DATE OF JUDGMENT:                       June 15, 2017

APPEARANCES:

For Plaintiff-Appellee                              For Defendant-Appellant

JASON FARLEY                                     CHANDRA L. ONTKO
Assistant Prosecuting Attorney              665 Southgate Parkway
145 N. 7th Street                                   Cambridge, OH 43725
Cambridge, OH 43725

*Wise, Earle, J.*

{¶ 1} Defendant-Appellant, Matthew Thompson, appeals the July 27, 2017 judgment of conviction and sentence of the Court of Common Pleas of Guernsey County, Ohio. Plaintiff-Appellee is the state of Ohio.

FACTS AND PROCEDURAL HISTORY

{¶ 2} On May 11, 2016, the Guernsey County Grand Jury returned an indictment charging appellant, Matthew Thompson, with one count of robbery, in violation of R.C. 2911.02(A)(2), one count of conspiracy to commit robbery in violation of R.C. 2923.01(A)(1), and one count of theft in violation of R.C. 2913.02.

{¶ 3} Said charges arose on the evening of April 16, 2016, when appellant and his accomplice, Shane Johnson, entered Riesbeck's Food Market on 23rd Street in Cambridge Ohio. The men walked through the store, filling a grocery cart with packaged meat, unpackaged meat from behind the meat counter, and cleaning products. Once the cart was full, appellant distracted the only cashier on duty while Johnson walked out the door with the merchandise.

{¶ 4} Manager Neil Denton was in the office watching the store's security cameras. He noticed Johnson leaving the store without paying and went after him. Denton followed Johnson out into the parking lot and asked to see his receipt. Johnson stopped and told Denton to leave him alone. Denton turned to go back to the store to call police. As he did, appellant, who had exited the store after Denton, struck Denton in the back of the head with his fist. Appellant swung at Denton a second time, but missed.

{¶ 5} Shortly thereafter, police arrived and tracked appellant and Johnson to a nearby Speedway gas station. After a brief foot chase, the two were taken into custody.

The Riesbeck's grocery cart filled with $561.00 in merchandise was recovered from behind the Speedway.

{¶ 6} On July 26, 2016, the matter proceeded to a jury trial and appellant was found guilty as charged. At sentencing, the trial court vacated appellant's conviction for conspiracy to commit robbery, and merged his convictions for robbery and theft. The trial court then sentenced appellant to seven years incarceration.

{¶ 7} Appellant filed an appeal and this matter is now before this court for consideration. The sole assignment of error is as follows:

I

"THE JUDGMENT WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."

{¶ 8} Appellant argues the guilty verdict was against the manifest weight of the evidence. Appellant argues it was not he, but rather Johnson who committed the theft. Appellant claims there was no evidence presented to demonstrate that he took any affirmative action to participate in the theft. We disagree.

{¶ 9} On review for sufficiency, a reviewing court is to examine the evidence at trial to determine whether such evidence, if believed, would support a conviction. *State v. Jenks,* 61 Ohio St.3d 259, 574 N.E.2d 492 (1991). "The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *Jenks* at paragraph two of the syllabus, following *Jackson v. Virginia,* 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).

{¶ 10} On review for manifest weight, a reviewing court is to examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine "whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." *State v. Martin*, 20 Ohio App.3d 172, 175, 485 N.E.2d 717 (1st Dist.1983). See also, *State v. Thompkins*, 78 Ohio St.3d 380, 678 N.E.2d 541 (1997). The granting of a new trial "should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction." *Martin* at 175.

{¶ 11} Appellant was convicted of robbery in violation of R.C. 2911.02(A)(2) which states, "[n]o person, in attempting or committing a theft offense or in fleeing immediately after the attempt or offense, shall * * * [i]nflict, attempt to inflict, or threaten to inflict physical harm on another * * *.

{¶ 12} Surveillance cameras inside Riebeck's captured video of both appellant and Johnson filling a shopping cart with food and other products. The video further captured appellant entering the closed meat counter area, removing unpackaged meat from the case and placing it in the cart. Finally, the video shows Johnson circling near the exit door until appellant could distract the sole cashier on duty, permitting Johnson to leave the store. This video was played for the jury. T at 121-126.

{¶ 13} When Denton attempted to stop Johnson outside the store, appellant struck Denton in the head with his fist, aiding in their getaway. Denton identified appellant as the man who struck him. T at 112-115, 127-128.

{¶ 14} Upon review, we find sufficient evidence to establish that appellant, while fleeing after a theft offense, attempted to inflict harm upon Denton. Judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed as being against the manifest weight of the evidence. *C.E. Morris Co. v. Foley Construction*, 54 Ohio St.2d 279, 376 N.E.2d 578(1978). We find no manifest miscarriage of justice.

{¶ 15} The assignment of error is denied.

{¶ 16} The judgment of the Court of Common Pleas of Guernsey County, Ohio is hereby affirmed.

By Wise, Earle, J.

Gwin, P.J. and

Wise, John, J. concur.

EEW/sg 522